IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO E. CONTRERAS,

Plaintiff,

v.

UAL CORPORATION,
UNITED AIRLINES, INC.,
and DOES 1–10,

Defendants.

No. C 10-05127 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING IN PART AND DENYING IN PART REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

In this action for alleged employment discrimination and retaliation, plaintiff moves for leave to file a second amended complaint. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. Defendants also request judicial notice of several documents. For the reasons stated below, the request is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff, Julio E. Contreras, is a former employee of United Airlines, Inc., one of two named defendants, who is alleging claims of harassment, discrimination, and retaliation pursuant to the Fair Employment and Housing Act ("FEHA"). On June 4, 2007, plaintiff filed his first Department of Fair Employment and Housing ("DFEH") complaint for the alleged harassment plaintiff suffered in early 2007. While the DFEH investigation was pending, plaintiff was

1 transferred to a different building. In April 2008, three months after the transfer, plaintiff was
2 terminated (First Amd. Compl. ¶¶ 19–29).

3       On May 20, 2008, plaintiff filed a second DFEH complaint against defendants alleging
4 retaliation and discrimination. On May 27, 2008, the DFEH issued a right-to-sue notice on
5 plaintiff's June 2007 harassment claim. The following year, on May 12, 2009, the DFEH issued
6 a second right-to-sue notice on plaintiff's retaliation and discrimination claims.

7       On June 3, 2009, more than one year after the DFEH issued the first right-to-sue notice,
8 plaintiff filed a complaint in San Francisco County Superior Court based on the first right-to-sue
9 notice. *Contreras v. United Airlines Corporation, et al.*, No. 09-488989. Plaintiff voluntarily
10 dismissed the action in September 2009 (RJN Exh. 5).

11       On May 11, 2009, almost eight months after voluntarily dismissing his first action,
12 plaintiff filed the instant action against defendants alleging discrimination, harassment,
13 retaliation, and failure to take reasonable steps to prevent harassment and discrimination.
14 Plaintiff, represented by former counsel, voluntarily removed the harassment claim when the
15 first amended complaint was filed (Dkt. No. 1).

16       The August 2013 case management order included the following schedule: leave to
17 add pleading amendments must be sought by December 31, 2013; the fact-discovery cut-off
18 is June 27, 2014; and the jury trial will commence on October 20, 2014 (Dkt. No. 21).
19 On December 31, plaintiff sought leave to file a second amended complaint to revive the
20 removed harassment claim and to add allegations to his retaliation claim.

21       This order pauses to note that this action was reassigned to the undersigned judge on
22 February 16, 2011. Through inadvertence and clerical error, the Court failed to follow the
23 normal schedule to set a case management conference, and therefore, this action is older than
24 it should be. The Court apologizes to both sides.

## ANALYSIS

26       Because plaintiff sought leave to file an amended complaint within the deadline set forth
27 by the case management order, the more liberal standards of FRCP 15 apply rather than the good
28 cause standard in FRCP 16. FRCP 15(a)(2) states: "a party may amend its pleading only with

1    the opposing party's written consent or the court's leave.  The court should freely give leave
2    when justice so requires."  Leave is not automatic, however, as "a district court need not grant
3    leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad
4    faith; (3) produces an undue delay in litigation; or (4) is futile."  *AmerisourceBergen Corp. v.*
5    *Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

### 1.   HARASSMENT CLAIM.

Plaintiff seeks to revive the harassment claim that was voluntarily dismissed in his first amended complaint on the basis that it was dismissed in error by prior counsel, who believed the claim to be time-barred.  Plaintiff contends that the continuing-violations rule may resurrect the harassment claim if it is closely related to a timely claim.

#### A.   Statute of Limitations.

Once a right-to-sue notice is issued by the DFEH, an aggrieved person has one year to file an action.  Cal. Gov. Code § 12965(b).  A statute of limitations may be subject to the doctrine of equitable tolling in certain cases, but the doctrine has generally been unavailable "when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights."  *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992).  Under California law, "a plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations."  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1127 (9th Cir. 2008).

On May 27, 2008, the DFEH issued a right-to-sue notice on the harassment claim. Plaintiff waited until June 3, 2009, to file his first action, and voluntarily terminated the action in September 2009.  Plaintiff then waited eight months to file the instant action.  Under *Johnson*, plaintiff's voluntary dismissal bars him from tolling the statute of limitations.  As such, it makes no difference whether plaintiff's prior counsel, a "corporate attorney" (rather than a litigator), dismissed the harassment claim in error because plaintiff was not entitled to toll the statute of limitations during the eight months between the voluntary dismissal of the first action and the filing of this action.

3

### B. Continuing-Violations Rule.

Plaintiff, however, argues that the continuing-violations rule can revive his harassment claim. The California Supreme Court in *Richards v. CH2M Hill, Inc*., articulated the test for tolling the statute of limitations under that rule. 26 Cal. 4th 798, 823 (2001). An untimely claim may be tolled if the employer's unlawful conduct is: (1) sufficiently similar in kind; (2) occurs with reasonable frequency; and (3) did not acquire a degree of permanence. "Permanence" in this context means that an opportunity for informal conciliation has passed. *Id*. at 823–24.

In *Acuna v. San Diego Gas & Electric Co.*, the California Court of Appeal held that the continuing-violations rule was inapplicable to revive an untimely discrimination claim on grounds that a retaliation claim was timely. 217 Cal. App. 4th 1402, 1415 (2013). So too here. The discrimination claim in *Acuna* was much like the harassment claim here. Both claims were untimely, and the underlying facts surrounding those claims were different from those giving rise to the retaliation claim. Here, the alleged acts of retaliation were plaintiff's transfer to a different building in April 2008 and his subsequent termination. This is separate from the specific instances of alleged harassment plaintiff seeks to incorporate in his second amended complaint (Cajina Exh. B). Plaintiff argues that the two claims "are closely related in time and similarity" because it was the same supervisors who were retaliating and harassing plaintiff (Br. 8–9). By that reasoning, however, any prior untimely claim, so long as it involves the same actors, could be revived by anchoring it to a timely retaliation claim. This order declines to adopt such an expansive view. Moreover, plaintiff's termination in April 2008 severed his relationship with defendants and the alleged claims of harassment became permanent. Plaintiff is therefore unable to use his retaliation claim as an anchor to tie his untimely harassment claim.

Plaintiff also argues that the alleged harassment and retaliation were part of a "continuing system of discrimination against" plaintiff (Br. 8). His reliance on *Fielder v. UAL Corp*., is misplaced. That decision involved a Title VII claim and the judgment was vacated by the Supreme Court. 218 F.3d 973, 983 (9th Cir. 2002), *vacated by* 536 U.S. 919 (2002).

4

### C. Prejudice and Undue Delay.

Plaintiff cites *Casavantes v. California State University, Sacramento*, for the principle that pro se administrative claims must be construed with great liberality (Reply Br. 7). 732 F.2d 1441, 1442 (9th Cir. 1984), *abrogated by Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 397 (2008). Plaintiff therefore asks this order to find that his harassment claim was properly tied to his second DFEH complaint for retaliation (*ibid.*). Defendants respond that allowing the harassment claim to be repled would be prejudicial because this would expand discovery to a claim spanning a fifteen-year period (Opp. 9). Plaintiff replies that there can be no prejudice from adding the harassment claim because the original complaint (now superseded by the operative first amended complaint without a harassment claim), pled harassment and that defendants, at all times, knew about plaintiff's allegations of harassment while he was employed by defendants (Reply Br. 9). Plaintiff further responds that defendants, in their own motion for leave to file an amended answer, which was granted, conceded the June 2014 fact-discovery cut-off would be sufficient time to conduct discovery (*ibid.*).

This order finds that allowing the harassment claim to be reintroduced at this late date, after it was voluntarily removed from the first amended complaint, would be prejudicial to defendants. A request for leave to file an amended answer is not the same as a request for leave to add a claim made on the eve of the deadline to do so. Furthermore, plaintiff does not adequately address defendants' concern that significant time and money have been spent defending against the allegations of plaintiff's first amended complaint which did not include a harassment claim. Even if defendants knew about the alleged harassment claim, plaintiff's voluntary removal of the claim relieved defendants from having to pursue discovery on a claim not pled in the operative complaint.

Furthermore, contrary to plaintiff's contention at oral argument that pro se administrative claims should be construed liberally, that rule does not apply when plaintiff was represented by counsel, as he was here. The pro se rule of leniency will not be extended to cover a "corporate attorney." An attorney is an attorney.

5

Plaintiff's motion for leave to file a second amended complaint with respect to his harassment claim is therefore **DENIED**.  This is without prejudice to the possibility of admissible evidence of harassment being raised at summary judgment or at trial to help support viable claims in the pleadings.

### 2. RETALIATION CLAIM.

Plaintiff seeks to add more allegations to his complaint on the basis of "new evidence," namely  — a declaration of an United Airlines employee — that supports allegations of a pattern of retaliation against plaintiff existed prior to 2008.  In other words, the operative first amended complaint alleges acts of retaliation in 2008.  The proposed second amended complaint seeks to add allegations that demonstrate acts of retaliation occurred as early as 2006.  This order grants plaintiff leave to amend his complaint with respect to his retaliation claim.

#### A. Bad Faith.

Defendants contend that the proposed amendments are brought in bad faith because plaintiff disclosed the declarant, Rick Salazar, in plaintiff's initial disclosures nearly three years ago and that the so-called "new evidence" is based on matters within plaintiff's own knowledge (Opp. 10).  Plaintiff, however, responds that he did not know about the private conversations giving rise to the proposed retaliation allegations until plaintiff's current counsel interviewed Mr. Salazar in 2013 (Contreras Decl. ¶¶ 3–4).  Defendants' bad faith argument is unpersuasive. Since plaintiff sought leave to amend within the deadline set forth by the case management order (albeit on the last day), the standards under FRCP 15 require leave to be granted so long as there is no prejudice to defendants.  Prejudice to defendants will be at a minimum here because plaintiff is not seeking to add new claims or change theories, but rather seeking to bolster an existing claim with additional factual allegations.  Moreover, plaintiff is not restricted to amending his complaint with only non-personal knowledge.

#### B. Exhaustion of Administrative Remedies.

Defendants further contend that under *Rodriguez v. Airborne Express*, plaintiff's proposed amendment to add a July 2006 disciplinary write-up is barred because plaintiff did not exhaust his administrative remedies as to that claim (Opp. 10).  265 F.3d 890, 897 (9th Cir.

6

2001). In *Rodriquez*, our court of appeals held that an employee failed to exhaust his administrative remedies as to his disability claim because it was not encompassed within the scope of his DFEH complaint for race discrimination. *Id.* at 898.

Unlike *Rodriguez*, however, our plaintiff filed an administrative complaint for a claim in which he seeks relief. Plaintiff is not attempting to assert a new retaliation claim but rather seeking to extend a claim that was already pled. The record on defendants' exhaustion argument is incomplete at this point, and so this order is without prejudice to exhaustion being raised at a later time. For now, it suffices to say that plaintiff can amend the complaint to add the proposed allegations supporting his retaliation claim. Plaintiff's motion for leave to file a second amended complaint with respect to the alleged retaliation claim is **GRANTED**.

### 3. JUDICIAL NOTICE.

FRE 201(b)(2) allows judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Defendants requested judicial notice of nine documents. Plaintiff did not file a response, but relied on exhibit six of defendants' request in his reply brief. To the extent stated below, defendants' request is **GRANTED**. Judicial notice is taken of the following documents: (1) plaintiff's first administrative charge filed with the DFEH on June 4, 2007 (RJN Exh. 1); (2) plaintiff's civil complaint filed in San Francisco County Superior Court on June 3, 2009 (RJN Exh. 4); (3) plaintiff's request for dismissal of first action on September 14, 2009 (RJN Exh. 5); (4) plaintiff's second administrative charge filed with the DFEH on May 20, 2008 (RJN Exh. 6); (5) the DFEH's right-to-sue notice issued to plaintiff, dated May 12, 2009 (RJN Exh. 8); and (6) plaintiff's second civil complaint filed in San Francisco County Superior Court on May 11, 2010 (RJN Exh. 9).

Judicial request is **DENIED AS MOOT** as to the following: the DFEH's Notice of Case Closure, dated June 4, 2008 (RJN Exh. 3).

Judicial request is **DENIED** as to the following documents because the findings of the investigations are facts that are subject to reasonable dispute: (1) the DFEH's letter, dated

7

May 20, 2008, regarding the first investigation (RJN Exh. 2); (2) the DFEH's letter, dated April 30, 2009, regarding the second investigation (RJN Exh. 7).

## CONCLUSION

Accordingly, plaintiff's motion for leave to file a second amended complaint is **GRANTED IN PART** and **DENIED IN PART**. Defendants' request for judicial notice is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff must file his second amended complaint by **NOON ON FEBRUARY 13, 2014.** Defendants have until **NOON ON FEBRUARY 27, 2014**, to file an amended answer to plaintiff's second amended complaint.

**IT IS SO ORDERED.**

Dated: February 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE