United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO E. CONTRERAS,

    Plaintiff,

v.

UAL CORPORATION,
UNITED AIRLINES, INC.,
and DOES 1–10,

    Defendants.
                               /

No. C 10-05127 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND/OR STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

## INTRODUCTION

In this action for alleged employment discrimination and retaliation, defendants move to dismiss and/or strike portions of plaintiff's second amended complaint. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff Julio E. Contreras, a former employee of United Airlines, Inc., alleges claims of discrimination, retaliation, and failure to take reasonable steps pursuant to the Fair Employment and Housing Act ("FEHA"). In 2007, he filed an administrative charge with the California Department of Fair Employment and Housing ("DFEH") for alleged incidents of sexual-orientation harassment. While the DFEH investigation was pending, he was transferred to a different building. Three months after the transfer, plaintiff was terminated following an incident where he operated a cherry picker without utilizing a safety harness (Second Amd. Compl. ¶¶ 35–36, 40).

In 2008, plaintiff filed a second administrative charge with the DFEH citing his transfer and subsequent termination. Plaintiff filed the instant action against defendants in 2009 on the basis of both DFEH charges alleging harassment, discrimination, retaliation, and failure to take reasonable steps to prevent harassment and discrimination. The harassment claim was voluntarily eliminated by plaintiff in the first amended complaint (Dkt. No. 1).

Plaintiff sought leave to file a second amended complaint in December. The second amended complaint added new factual allegations and attempted to revive the harassment claim. These new allegations included plaintiff's biographical information, incidents of sexual-orientation harassment plaintiff allegedly suffered at United during the 1990s to mid-2000s, and a 2006 incident at a computer terminal where plaintiff received a negative review (Second Amd. Compl. ¶¶ 6–9, 12–19, 22–29, 31–32). A February 7 order granted leave to file a second amended complaint with respect to the new factual allegations, but denied leave to revive the harassment claim because it was time-barred. The order granted leave without prejudice to the defendants raising the issue of exhausting administrative remedies at a later time. Plaintiff thereafter filed a second amended complaint (Dkt. Nos. 36, 37).

Defendants now move to dismiss several of these newly added allegations prior to 2008 that detail incidents of harassment, discrimination, and retaliation on the basis that plaintiff failed to exhaust his administrative remedies as to those claims thereby depriving this Court of subject-matter jurisdiction. Defendants also move to strike portions of plaintiff's second amended complaint for it being redundant, immaterial, and unduly prejudicial.

This order follows after full briefing and oral argument.

## ANALYSIS

The order first considers whether there is subject-matter jurisdiction. Then it will turn to whether plaintiff's biographical information and allegations of harassment prior to 2008 are proper subjects to being stricken under Rule 12(f).

**1. SUBJECT-MATTER JURISDICTION.**

Defendants contend that there is no subject-matter jurisdiction on pre-2008 claims because plaintiff failed to exhaust administrative remedies as to those claims (Br. 5).

2

1  Irrespective of whether each of plaintiff's allegations were required to be part of a timely filed
2  administrative charge, the failure to do so does not defeat subject-matter jurisdiction for actions
3  brought under FEHA. *Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir. 2001).
4  Accordingly, defendants' motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.

**2. MOTION TO STRIKE.**

Defendants also move to strike from the second amended complaint factual allegations detailing plaintiff's "birth, family size, and early childhood in Bogotá, Columbia, his first discovery of first being attracted to other men, his move to the United States over twenty years ago . . . each and every problem he alleges to have experienced with his former coworkers at United" on the basis that these events are barred by the statute of limitations and laws of administrative exhaustion (Br. 8).

The foregoing matters concerning events more than twenty years ago is stricken inasmuch as it "could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. Mar. 13, 1991) (Williams, J.).

According to defendants, plaintiff's first DFEH charge in 2007 did not include a claim for retaliation so a 2006 incident at a computer terminal where plaintiff received a negative review should be stricken from the complaint because plaintiff failed to exhaust his administrative remedies to that claim (Br. 7). Defendants cite *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), for the proposition that because the 2006 write-up is an "easy-to-identify discrete act, occurring on a date certain," plaintiff was required to file an administrative complaint with respect to that incident (*ibid.*).

Defendants' reliance on *Morgan* is misplaced. *Morgan* concerned tolling the statute of limitations on a discrete discriminatory claim falling outside the limitations period on a Title VII action. Here, plaintiff is not seeking to add new retaliation claims but is instead seeking to "bolster his timely and existing claim with facts showing that defendants' proffered reasons for terminating plaintiff in 2008 were pretextual and that [United's] management had discriminatory motives behind their personnel decisions" (Opp. 3). *Morgan* does not bar plaintiff from doing so

3

1  inasmuch *Morgan* held that "the statute [does not] bar an employee from using the prior acts as
2  background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113.

3  Accordingly, defendants' motion to strike the 2006 computer terminal incident from the
4  second amended complaint is **DENIED**.

5  As to other pre-2008 incidents, defendants essentially argue that factual allegations that
6  were independently actionable at one point must be exhausted through administrative remedies
7  even if they are solely used to support another claim. Defendants heavily rely on *Fantasy, Inc. v.*
8  *Fogerty*, where our court of appeals affirmed a district court order striking tax-shelter
9  allegations from a copyright action because they formed the basis of an independently actionable
10 claim for rescission and was barred by the statute of limitations and *res judicata*. 984 F.2d 1524,
11 1528 (9th Cir. 1993) (rev'd on other grounds by 509 U.S. 903 (1993)). The justification
12 proffered for the allegations were to "present relevant background and foundational facts
13 establishing a pattern of abuse." *Ibid.*

14 Plaintiff here gives a similar justification for the pre-2008 incidents at United — as
15 background evidence to bolster timely pled claims. But whereas the allegations in *Fogerty*
16 involved different parties and extensively litigated issues, would have needlessly complicated
17 a copyright trial with evidence of tax-plan agreements, and would have led to unwarranted
18 and prejudicial inferences, such dangers are not present here. *Ibid.* Prior evidence of alleged
19 harassment, discrimination, and retaliation falling outside the limitations period is a different
20 kettle of fish.

21 *Morgan* clearly allows prior acts to be used as background evidence to support timely
22 claims. Any contention that pre-2008 incidents are barred by the statute of limitations and laws
23 of administrative exhaustion is unavailing because plaintiff is not adding new claims. All of his
24 claims are timely. Plaintiff can use untimely incidents to bolster the pattern leading to the timely
25 claims, all subject at trial to Rule 403.

26 The parties agreed at oral argument that paragraph 19 is a logical cut-off point for the
27 harassment allegations. Paragraph 19 states, "[t]hings only became better when Plaintiff was
28 assigned to a different location and the night shift, where he remained for many years. In the

4

mid-2000s, however, Plaintiff was reassigned to the day shift, where he again suffered sexual orientation harassment and retaliation for complaining about his treatment" (Second Amd. Compl. ¶ 19). This alleges a break in harassment for many years. Furthermore, plaintiff alleges the harassment and retaliation resumed again in the mid-2000s, so he need not rely on incidents before that to bolster his claims.

Accordingly, defendants' motion to strike pre-2008 incidents is **GRANTED IN PART** and **DENIED IN PART**.

Moving forward, the parties are requested to follow the schedule set forth in the case management order and to prepare for summary judgment. Plaintiff will then have the burden of laying out in detail each time-barred incident and to show its probative value to the operative claims.

## CONCLUSION

For the reasons stated, this order strikes from the second amended complaint paragraphs 6–9 and 12–19. Defendants' motion to dismiss for lack of subject-matter jurisdiction and/or strike portions of the second amended complaint is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: April 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE