**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO E. CONTRERAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UAL CORPORATION, a Delaware corporation, UNITED AIR LINES, INC., a Delaware corporation, CHARLES WILLIAMS, an individual, and DOES 1–10,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 10-05127 WHA<br><br>**ORDER RE REQUEST FOR CLARIFICATION RE EXPERT DEADLINES** |

The August 2013 case management order stated that the last date for designation of expert testimony and disclosure of full opening expert reports on any issue upon which a party has the burden of proof was June 27, 2014. The expert discovery cutoff was August 1. Dispositive motions are due August 7 and trial begins October 20, 2014 (Dkt. No. 21).

On July 22 at 9:22 p.m., the parties filed a one-sentence stipulation and proposed order stating that the parties agreed to "extend the expert disclosure deadline from July 22, 2014 to August 12, 2014." The motion was denied.

The parties then filed a "joint request for clarification / consideration of proposed deadlines re: expert rebuttal and reply reports." They stated that on June 25, they unilaterally "agreed" to extend the date for opening expert reports to July 22 but "inadvertently failed to file [the] stipulation with [the] Court." They further stated that "all opening expert reports" were exchanged on July 23. They now propose exchanging opposition reports on August 6, reply reports on August 13, and expert discovery closing on August 27.

The parties state that they "understand" that dispositive motions must be filed by August 7, trial begins October 20, 2014, and "all related deadlines" remain the same.

This order acknowledges that counsel have privately stipulated to postpone and delay the expert schedule and hopefully this will not be an issue on summary judgment and/or trial. The difficulty is that the schedule in the case management order allowed for adequate time to bring motions to object to passages in the expert reports without putting pressure on the summary judgment and/or trial dates. Now counsel have unilaterally eliminated that flexibility from the schedule. It is impossible at this stage to know what objections to experts will arise as the case proceeds. If it turns out that objections are made to expert testimony that could have been seasonably litigated under the original schedule (but not on the privately agreed-upon schedule), then the Court may deny relief based upon the failure to adhere to the original schedule. All other deadlines remain in place.

**IT IS SO ORDERED.**

Dated: July 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2