IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO E. CONTRERAS,

    Plaintiff,

v.

UAL CORPORATION, UNITED AIR LINES, INC., and DOES 1–10,

    Defendants.

No. C 10-05127 WHA

**ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    The essence of this action involving alleged discrimination and retaliation on the basis of sexual orientation is as follows. Plaintiff Julio Contreras identifies himself as gay, a fact known to his employer, defendants United Air Lines, Inc. and UAL Corporation (collectively, "United").

    While at work, Mr. Contreras was subjected to offensive language, "gay bashing," and obscene gestures. His colleagues referred to him as "faggot," "fucking faggot," "queer faggot," "fag," "maricón" (faggot in Spanish), "Julia," "señorita" (unmarried woman in Spanish), and "guapa" (pretty in Spanish). On several occasions, his colleagues assaulted him with electric vehicles and made inappropriate gestures. He reported some of these incidents — "[r]oughly 99.9%" of his complaints related to his sexual orientation (Contreras Decl. ¶ 35). Supervisor Walter Azucena told another United employee that Mr. Contreras was a "complainer" and he "couldn't wait to get rid of him." Supervisor Bill Lefferts also stated that he "wanted to get rid of Julio" (Salazar Decl. ¶¶ 8, 10). Both supervisors have called plaintiff "Julia" on occasion.

    In March 2007, while meeting with his supervisors, Mr. Contreras suffered a nervous breakdown, was sent to the hospital, and was diagnosed with "acute depression related to stress of

1  sexually harassing environment at work" (Contreras Decl. ¶ 45). United then found that a
2  storekeeper named John Ballas violated United's anti-harassment policies in connection with Mr.
3  Contreras (Tetrev Decl. ¶ 18). Mr. Contreras was placed on medical leave, during which he filed
4  a complaint with the California Department of Fair Employment and Housing, dated May 2007
5  (Contreras Decl. ¶ 48, Exh. M). When he returned from medical leave, he was transferred to an
6  isolated stockroom, colloquially called "Siberia" (Contreras Decl. ¶ 54).

7  In February 2008, Mr. Contreras used a cherry picker to try to close a warehouse door.
8  He closed the door halfway and reported the situation to his supervisor. "[Supervisor] Walter
9  Azucena and another supervisor tried but were unable to close or open the doors"
10 (Contreras Decl. ¶ 63). The next day, Mr. Contreras proceeded to try again to close the door.
11 The shop steward told Mr. Contreras to come down (Contreras Decl. ¶ 64). A mechanic,
12 according to Mr. Contreras, threatened to "kick [his] ass" (Contreras Decl. ¶ 65). United,
13 however, contends that Mr. Contreras stated "[f]uck off you guys don't fix anything."
14 Mr. Contreras eventually came down but a then-unidentified man (later identified as a plant
15 maintenance supervisor) asked to see his badge. Supervisor Tim Wilson stated:
16 "Don't give it to him" (Contreras Decl. ¶ 66). Mr. Contreras refused to provide his badge, was
17 placed on administrative leave, and terminated — after more than twenty years of service.
18 While on administrative leave, Mr. Contreras filed a retaliation complaint with the California
19 Department of Fair Employment and Housing. He separated from United in June 2008.

20 According to United, Mr. Contreras was allegedly terminated because of his
21 insubordination, failure to follow safety protocol by operating a cherry picker without wearing a
22 safety harness and without placing safety markings in the surrounding area, creating a serious risk
23 of damage to United's property, failing to adhere to United's procedures, performing work he was
24 not trained or authorized to perform, using offensive language, and providing "false information"
25 during United's investigation of the February 2008 incident (Ly Decl. ¶ 13). In United's view,
26 Mr. Contreras fabricated the story that the mechanic used profane language during the February
27 2008 incident. Mr. Contreras violated at least four rules of conduct, any one of which could have
28 formed the basis for his discharge, United states (Ly Decl. ¶ 11).

2

Nevertheless, storekeepers often operated cherry pickers without a harness and without discipline (Salazar Decl. ¶¶ 20, 21; Contreras Decl. ¶¶ 91, 99; Jones Decl. ¶¶ 21, 22). Moreover, other employees used "bad words daily" but were not reprimanded (Contreras Decl. ¶ 92). Mr. Contreras, however, was terminated.

The second amended complaint, invoking diversity jurisdiction, alleged three claims for relief under the California Fair Employment and Housing Act: (i) discrimination in violation of California Government Code Section 12900, *et seq*., (ii) retaliation in violation of California Government Code Section 12940(h), and (iii) failure to "take all reasonable steps necessary to prevent discrimination and harassment from occurring" pursuant to California Government Code Section 12940(k). This order follows full briefing and oral argument. Trial begins on October 20, 2014.

## ANALYSIS

In opposition to United's motion for summary judgment, Mr. Contreras submitted several declarations. In pertinent part, he submitted declarations from himself, Rick Salazar, Silvia Menendez-Bush, and Philip Jones. Mr. Salazar, Ms. Menendez-Bush, and Mr. Jones were all United employees. Mr. Salazar served was an employee-relations representative during the relevant time period and Mr. Jones was present for at least part of the February 2008 cherry-picker-harness incident. Mr. Jones stated (Jones Decl. ¶ 23):

> I believe that Julio was fired for something separate from the "harness" incident. Julio did not hide the fact that he was gay at work. Julio was also very outspoken whenever he felt harassed for his sexuality. Management did not like dealing with Julio's complaints. I believe that management decided that it was more expedient to fire Julio than to deal with his complaints. The harness" incident was an excuse.

United objects to various paragraphs in the declarations of Mr. Salazar, Ms. Menendez-Bush, and Mr. Jones based on hearsay. United also objects to a litany of paragraphs and exhibits appended to Mr. Contreras' declaration based on hearsay, lack of personal knowledge, relevance, lack of authentication, Rule 403, and Civil Local Rule 7-5(b). The Court has reviewed the declarations submitted and even if some aspects of the opposition record are inadmissible, a large

3

portion of it will be admissible at trial (as party admissions, for example).  Genuine issues of material fact exist and those issues should be presented to the jury (or possibly the Judge). There are, at minimum, triable issues of fact regarding whether United's reason for Mr. Contreras' termination was a pretext for unlawful discrimination on the basis of his sexual orientation and/or retaliation against protected activities, and whether United failed to take all reasonable steps necessary to prevent the alleged discrimination and harassment from occurring, pursuant to California Government Code Section 12940(k).  Accordingly, United's motion for summary judgment is **DENIED**, save and except for the following item.

Paragraph 34 of the second amended complaint alleged that plaintiff was discriminated on the basis of "*race* and sexual orientation" (emphasis added).  United contends that the discrimination claim on the basis of "race and national origin" should be dismissed because there is no evidence that Mr. Contreras exhausted his administrative remedies as to race and national origin and there is no evidence of such discrimination (Br. 23–24).

In opposition, Mr. Contreras never specifically responded to the race and national origin arguments.  He argued instead that he was discriminated on the basis of his sexual orientation.

In reply, United argues that Mr. Contreras abandoned any claim for discrimination on the basis of race and/or national origin.  He failed to submit any evidence on this point and failed to even mention race or national origin in his opposition brief (Reply 10–11, n.4).

Summary judgment is granted as to any lingering claim of discrimination on the basis of race and/or national origin because Mr. Contreras himself abandoned that claim.

\*          \*          \*

For the reasons stated herein, United's motion for summary judgment is **DENIED**, save and except that the discrimination claim on the basis of race and/or national origin is **DISMISSED** because it has been voluntarily abandoned by plaintiff.  All existing deadlines remain in place.

**IT IS SO ORDERED.**

Dated:   September 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4