IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO E. CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>UAL CORPORATION; UNITED AIR LINES, INC.; and DOES 1–10,<br><br>Defendants. | No. C 10-05127 WHA<br><br>**ORDER RE *DAUBERT* MOTIONS AND VACATING HEARING** |

In this employment action, defendant moves to preclude testimony from two experts. For the reasons stated herein, the *Daubert* motions are **GRANTED IN PART AND DENIED IN PART**. Given the imminent trial date and to give counsel time to adjust to these rulings, the October 2 hearing is hereby **VACATED** and this order issues.

**1.    MOTION TO PRECLUDE TESTIMONY FROM DR. LYNN PONTON.**

Dr. Lynn Ponton, a psychiatrist, conducted a psychiatric evaluation of plaintiff Julio Contreras in July 2014. Dr. Ponton opined that "Julio Contreras is suffering a serious, chronic, Post-traumatic Stress Disorder (PTSD) and Major Depression [Disorder] (MDD) directly related to the prolonged harassment at United Airlines" (Ponton Report 12). United Air Lines argues that testimony from Dr. Ponton should be precluded under Rule 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595–96 (1993), Rule 403, and judicial estoppel. United argues that Dr. Ponton's testimony should be excluded because her opinions were primarily based on stale causes. That is, plaintiff's psychiatric problems developed *prior* to the nervous breakdown he experienced at work in March 2007 and before the February 2008 cherry-picker incident that

1 allegedly resulted in his termination.  Plaintiff began employment at United in 1987, but filed the
2 relevant Department of Fair Employment and Housing complaint in May 2008.  United also
3 argues that there is no "harassment claim" in this action so Dr. Ponton's findings do not "fit" the
4 issues raised herein.  Judicial estoppel should preclude Dr. Ponton's testimony, United argues,
5 because Mr. Contreras previously represented that he would proffer older incidents only to
6 "bolster" existing claims.

Plaintiff responds that Dr. Ponton's testimony is at least probative of his psychiatric problems related to incidents at United.  Dr. Ponton's testimony is also probative of the claim under California Government Code Section 12940(k) that United failed to take "all reasonable steps necessary to prevent discrimination and harassment from occurring," he argues.

This order requires Dr. Ponton to distinguish between opinions regarding events before and after May 2007 and their comparative causes and effects.  Dr. Ponton has until **SEPTEMBER 30, 2014** to serve an amended report.  Dr. Ponton must also make herself available for a second deposition (not to exceed two hours) on or before **OCTOBER 10, 2014**.  Plaintiff shall bear all reasonable expenses and costs attributable to the second deposition.  Plaintiff shall also bear reasonable attorney's fees for one United attorney taking the deposition.  Accordingly, United's motion regarding Dr. Ponton is **GRANTED IN PART AND DENIED IN PART**.  This is without prejudice to other specific, timely-raised objections at trial, including items rendered inadmissible on other grounds.

**2.     MOTION TO PRECLUDE TESTIMONY FROM SUE ANN VAN DERMYDEN.**

Sue Ann Van Dermyden is a founding member and vice-president of the Association of Workplace Investigators and an attorney.  Her report described her view of "standard investigative practices" for workplace investigations based on guidance from the Equal Employment Opportunity Commission, books and treatises, her experience, and so forth.  Attorney Van Dermyden did not opine about United's policies or whether her view of the appropriate "standard of care" was met in plaintiff's case.  Her report contained only "generalized observations about adequate human resources practices" (Van Dermyden Dep. 13, 16–17, 33–34).

1  United thus argues that testimony from Attorney Van Dermyden should be precluded under Rule
2  702, *Daubert*, and Rule 403.

3  Plaintiff responds that Attorney Van Dermyden opined on the industry standard for
4  investigative practices, not whether United failed to take reasonable steps to prevent the alleged
5  discrimination from occurring — a jury question (Opp. 2). Attorney Van Dermyden's testimony
6  would aid the jury because "the average juror is unlikely to be familiar with human resources
7  management policies and practices," he argues. *Humphreys v. Regents of Univ. of California*, No.
8  C 04-03808 SI, 2006 WL 1867713, at *2 (N.D. Cal. July 6, 2006) (Judge Susan Illston).

9  This order trims the scope of permissible testimony by Attorney Van Dermyden, who may
10 only testify about "workplace investigation" customs and practices in California during the
11 relevant time period based on her research and experience, subject to specific, timely-raised
12 objections at trial. Attorney Van Dermyden cannot testify about what a reasonable company
13 should do or would do or what the "standard of care" was. Accordingly, United's motion
14 regarding Attorney Van Dermyden is **GRANTED IN PART AND DENIED IN PART**. This is without
15 prejudice to other specific, timely-raised objections at trial, including items rendered inadmissible
16 on other grounds. The October 2 hearing is hereby **VACATED**. (United will be held to the same
17 limitations for its experts.)

18                              *          *          *

19 The undersigned judge looks forward to the final pretrial conference on October 15 and
20 the trial scheduled to begin on October 20. Please continue to prepare for trial. Please be aware,
21 however, that a criminal trial is currently scheduled around the same time so it is possible that this
22 trial may trail behind (or advance ahead). All existing deadlines remain in place.

24 **IT IS SO ORDERED.**

26 Dated: September 22, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3